UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| LONNIE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:07-cv-1011 |
| | ) |
| v. | ) HON. JANET T. NEFF |
| | ) |
| UNKNOWN JONES et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Willie O. Smith, Nannette Norwood, Erica Huss, Herold Gilkey, (unknown) Cobbs, and (unknown) Sanchez . The Court will serve the complaint against Defendants (unknown) Jones and (unknown) Barnes.

**Discussion**

I. Factual allegations

Plaintiff is currently incarcerated at Marquette Branch Prison (MBP). In his *pro se* complaint, he sues MBP employees Warden Willie O. Smith, Deputy Warden Nannette Norwood, Assistant Deputy Warden Erica Huss, Resident Unit Manager (RUM) Herold Gilkey, Sargent (unknown) Cobbs, Captain (unknown) Sanchez, and Corrections Officers (unknown) Jones and (unknown) Barnes.

Plaintiff alleges that on November 19, 2005, Plaintiff was told by Defendant Cobbs that Defendants Barnes and Jones were going to move Plaintiff to another cell. (Compl. at 5.) Plaintiff asserts that he "requested that Defendant Cobbs be present because of the mental abuse and physical abuse that Defendants Barnes and Jones has been [sic] putting Plaintiff through for the time that Plaintiff has been [sic] assigned to housing Unit 1." (*Id.*) Plaintiff alleges that Defendant Cobbs told Plaintiff that he would be present during the move to the new cell. Defendants Jones and Barnes later came to Plaintiff's cell to move him and Defendant Cobbs was not present. Plaintiff alleges that when he asked about Defendant Cobbs, Defendant Jones told Plaintiff to "shut the fuck up, and back your little black ass up to the door." (*Id.*) Plaintiff alleges that during the move Defendant Jones continued to verbally harass him. Plaintiff asserts that Defendant Jones shoved Plaintiff onto the concrete floor of the new cell, pulled him back up and then shoved his face into the cement floor again. At that time, Defendant Barnes "put his full weight upon the back of [Plaintiff's] neck." (*Id.* at 6.)

Plaintiff alleges that he orally complained to Defendants Cobbs and Gilkey about Defendants Barnes and Jones' conduct during the transfer. Plaintiff alleges that Defendant Cobbs

walked away without giving any response and Defendant Gilkey told Plaintiff to write a grievance regarding the matter. (Compl. at 6.) Plaintiff asserts that he has sent "numerous kites and requests to Defendants Smith, Norwood, Huss and Sanchez about the behavior and actions of Defendants Jones and Barnes[,]" but has not receive the requested response and investigation into the matter in violation of MDOC policies. (*Id.* at 7.)

Plaintiff request an award of $5,000.00 from each Defendant in their personal capacity and $5,000.00 from each Defendant in their official capacity. Plaintiff also requests an additional $5,000.00 each from Defendants Jones and Barnes.

## II. Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Violation of MDOC Policies

Plaintiff alleges that Defendants Smith, Norwood, Huss, Gilkey, Cobbs and Sanchez violated MDOC policy by failing to investigate the actions allegedly taken by Defendants Jones and Barnes during Plaintiff's transfer. Defendants' alleged failure to comply with the administrative

rules does not itself rise to the level of a constitutional violation.  *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest).

        Additionally, Plaintiff appears to assert a claim against Defendants Smith, Norwood, Huss, Gilkey, Cobbs, and Sanchez under the theory of *respondeat superior* for failing to investigate the actions of Defendants Barnes and Jones.  A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of *respondeat superior* or vicarious liability.  *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).  As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*.  There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."   *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).  Plaintiff's complaint merely alleges that Defendants Smith, Norwood, Huss, Gilkey, Cobbs, and Sanchez failed to act.  Therefore, Plaintiff has failed to state a claim against Defendants Smith, Norwood, Huss, Gilkey, Cobbs, and Sanchez and they will be dismissed from this action.

### B. Defendants Jones and Barnes

Plaintiff has properly stated a claim for the violation of his Eighth Amendment rights against Defendants Jones and Barnes. Service will be ordered upon those two Defendants. As both Defendants are in the Northern Division of this Court, and the claims arose there, this case will be transferred to the Northern Division for all further proceedings. *See* W. D. MICH. LCIVR 3.2(d).

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Willie O. Smith, Nannette Norwood, Erica Huss, Herold Gilkey, (unknown) Cobbs, and (unknown) Sanchez will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants (unknown) Jones and (unknown) Barnes.

An Order consistent with this Opinion will be entered.


Dated: December 4, 2007             /s/ Janet T. Neff
                                    JANET T. NEFF
                                    United States District Judge