UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| LONNIE WILLIAMS, # 173279, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-1011 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| UNKNOWN JONES, et al., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently an inmate at the Marquette Branch Prison. His complaint concerns the conditions of his confinement at the Ionia Maximum Correctional Facility (ICF) on November 19, 2005. Plaintiff filed his complaint on October 9, 2007. On December 4, 2007, the court entered its order for partial service. The court dismissed all plaintiff's claims on initial screening other than his Eighth Amendment excessive force claims against defendants Unknown Jones and Unknown Barnes. (12/4/07 Opinion and Order, docket #'s 4, 5). The matter is now before the court on defendants' June 2, 2008 motion for summary judgment (docket # 20). Plaintiff filed briefs in opposition to defendants' motion (docket #'s 23, 24), and the motion is ready for decision. For the reasons stated herein, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in defendants' favor.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472,

1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

### Proposed Findings of Fact

The following facts established by defendants' submissions are uncontroverted.[1] On November 19, 2005, plaintiff was held in detention status at the Ionia Maximum Correctional Facility (ICF), Michigan's highest security level prison. At approximately 10:12 a.m., plaintiff was taken off detention status, and was escorted from cell 39 to cell 77 by Officers Harold Barnes and Troy Jones. Before the escort officers could secure plaintiff inside his new cell, plaintiff turned and lunged at Officer Jones, striking Jones's hands. Plaintiff fell to the floor as the officers struggled to regain control over his movements. Officers Jones and Barnes applied restraints and exited plaintiff's cell without suffering any significant injuries. (Ex. 1, Jones Aff. ¶¶ 3-6; Ex. 2, Barnes Aff. ¶¶ 3-6). Plaintiff was verbally abusive and threatening. The shift command sergeant directed that plaintiff be left in restraints for a brief cool-down period. Plaintiff remained in restraints for approximately twenty minutes. Sergeant Cobb and Officer Barnes removed plaintiff's restraints without incident at 10:33 a.m. (Jones Aff. ¶ 4; Barnes Aff. ¶ 4).

On November 19, 2005, Officer Jones issued a major misconduct citation against plaintiff for assault and battery. (Ex. 3). On December 5, 2005, plaintiff received his hearing on

---

[1] Plaintiff did not submit any affidavits or other evidence in opposition to defendants' motion. All exhibit references herein are to the exhibits attached to defendants' brief in support of their motion for summary judgment. (docket # 21).

this charge. The Major Misconduct Hearing Report indicates that plaintiff admitted that on entering the cell he moved back toward the cell door opening. The hearing officer found that plaintiff "lung[ed] towards [O]fficer Jones and made non-consensual physical contact with [O]fficer Jones in [an effort] to physically abuse that officer." (*Id.*). The hearing officer found plaintiff guilty of the major misconduct charge. (*Id.*). Plaintiff filed a request for rehearing, which was denied by the hearings administrator of the Office of Policy and Hearings. (*Id.*). Plaintiff's major misconduct conviction for assaulting Officer Jones has never been overturned.

Plaintiff's medical records (docket # 21, Ex. 5) show that he did not suffer any significant injury as a result of his November 19, 2005 altercation with Officers Jones and Barnes. A day after being charged with the major misconduct, plaintiff complained that his right knee and ankle had been injured during the incident. November 20, 2005 progress notes show that plaintiff refused to comply with the directions of custodial staff and could not be moved to the health care area for an evaluation. On November 21, 2005, plaintiff complained of left knee and ankle discomfort. The nurse who examined plaintiff did not observe any abrasions or bruises. Plaintiff had a few old scabs on his left knee and a slight swelling in his left ankle. The nurse provided plaintiff with Tylenol. A follow-up examination on November 23, 2005, revealed that plaintiff had a full range of motion in his ankles and knees. Medical records dated December 20, 2005 show that plaintiff had a full range of motion and walked without difficulty. (*Id.*).

## **Discussion**

As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See*

*Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. To establish a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause, the offending conduct must reflect an unnecessary and wanton infliction of pain. *See Ingraham*, 430 U.S. at 670. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause the core judicial inquiry is that set out in *Whitley [v. Albers*, 475 U.S. 312, 320-21 (1986)]: whether the force was applied as a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Plaintiff must satisfy both an objective and subjective test to establish a viable Eighth Amendment claim. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Plaintiff has not presented evidence upon which any rational trier of fact could find in his favor on either component of an Eighth Amendment claim against defendants.

To meet the objective component, the prisoner must be subjected to a serious deprivation. *Wilson*, 501 U.S. at 298. The federal courts recognize that an Eighth Amendment claim based on the excessive use of force must allege more than a simple assault and battery. *See, e.g., Leary v. Livingston County*, 528 F.3d 438, 445 (6th Cir. 2008); *Pruett v. Hatchett*, 292 F. App'x 408, 409 (5th Cir. 2008). To be sure, under *Hudson v. McMillian*, guards may not inflict an unjustified beating upon a prisoner and then seek to defend their actions by the lack of serious or life-threatening injuries. *See McHenry v. Chadwick*, 896 F.2d 184, 187 (6th Cir. 1990). By the same token, if the objective component of the Eighth Amendment is to mean anything, it cannot be satisfied by a mere unwanted touching. *See Walters v. Corrections Corp. of Am.*, 119 F. App'x 190, 192-93 (10th Cir. Dec. 2004); *Samuels v. Hawkins*, 157 F.3d 557, 558 (8th Cir. 1998); *Hampton v. Alexander*, No. 95-

3457, 1996 WL 40237, at * 1 (6th Cir. Jan. 31, 1996) ("[N]ot every push or shove, even if it appears to be unnecessary, violates a prisoner's constitutional rights."); *Norman v. Taylor*, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (*en banc*).  Viewing the evidence in the light most favorable to plaintiff, plaintiff assaulted Officer Jones and fell to the floor as Officers Jones and Barnes attempted to regain control over plaintiff's movements.  This does not approach satisfying the objective component of an Eighth Amendment claim.

Plaintiff falls far short of satisfying the subjective component of an Eighth Amendment claim.  One factor the court can look to in determining whether the defendant's use of force could plausibly have been thought necessary is the extent of injury suffered by the inmate.  *Hudson*, 503 U.S. at 7; *see Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008).  Plaintiff suffered only minor swelling in his left ankle.  A minor injury such as swelling or a bruise is generally insufficient to support a claim asserting a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause.  *See, e.g.*, *Silguero v. Acheson*, No. 7:08-cv-201, 2009 WL 56341, at * 2 (N.D. Tex. Jan. 9, 2009)(collecting cases).  "In determining whether the use of force was wanton or unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. at 321).  Plaintiff is serving lengthy prison sentences on criminal convictions involving weapons and the delivery and manufacture of controlled substances.  On the date this incident occurred, plaintiff was an inmate in Michigan's highest security level prison and was in the process of being moved from a detention cell.  Plaintiff made a conscious decision

to assault one of the guards assigned to escort him to his new cell.[2] "'Faced with such sudden and wrongful conduct and quite possible harmful conduct, the prison official on the scene does not have the luxury of hindsight and reflection.'" *Davis v. Agosto*, 89 F. App'x 523, 527 (6th Cir. 2004) (quoting *Ort v. White*, 813 F.2d 318, 322 (11th Cir. 1987)). Defendants certainly needed to apply force to regain control of plaintiff and secure him within the confines of his cell. The force Officers Jones and Barnes applied was minimal. The force applied did not result in any significant injury. No reasonable trier of fact could find on the present record that defendants acted maliciously and sadistically for the purpose of causing plaintiff serious harm. *See Hudson*, 503 U.S. at 7. Under the circumstances, a far more forceful response by defendants would have been justified without rising to the level of being malicious or sadistic. *See e.g.*, *Leary*, 528 F.3d at 443-45; *Davis v. Agosto*, 89 F. App'x at 527 (collecting cases); *Reyes v. Chinnici*, 54 F. App'x 44, 48-49 (3d Cir. 2002) (Upholding a district court's grant of summary judgment in favor of a corrections officer because, "A single punch [inflicted by a corrections officer] to avoid being spit upon is not the sort of action that is repugnant to the conscience of mankind."); *Lopez v. Reynolds*, 998 F. Supp. 252, 257 (W.D.N.Y. 1997). Defendants' actions were a good faith effort to maintain or restore discipline. Defendants are entitled to judgment in their favor as a matter of law.

---

[2] ICF prisoners are the highest security risk and least manageable inmates in the State. *See Barber v. Overton*, 496 F.3d 449, 450 (6th Cir. 2007)(ICF "houses male prisoners who pose an extreme escape risk or who have clearly demonstrated a history of violent acts towards other prisoners and staff."); *Crump v. Curtis*, 50 F. App'x 217, 218 (6th Cir. 2002)(same); *Riggins-El v. Toombs*, No. 96-2484, 1997 WL 809980, at * 1 (6th Cir. Dec. 23, 1997) (ICF "historically houses the least manageable and highest security prisoners in the Michigan correctional system.").

**Recommended Disposition**

For the foregoing reasons, I recommend that defendants' motion for summary judgment (docket # 20) be granted.

Dated:  March 30, 2009            /s/  Joseph G. Scoville
                                  United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).